AGNES WALTERS *et al.*

*v.*

THE TOWN OF LAKE.

*Filed at Ottawa May 16, 1889.*

1. SPECIAL ASSESSMENTS—*notice—as to confirmation—defects cured by appearance.* A lot owner whose lot is specially assessed for the improvement of a street, by appearing before the county court and objecting to the confirmation of the assessment, and going into the trial on the merits, waives any defect in the notice of the application for confirmation.

2. SAME—*assessment roll—as evidence of benefits to lots assessed.* The statute makes the assessment roll or report of the commissioners competent evidence as to the benefits assessed, but allows either party the right to introduce such other evidence as may tend to establish the right of the matter. Therefore an instruction to the jury, expressed in such a way as to make the impression upon the minds of the jury that the assessment roll is not a part of the evidence, is properly refused.

3. SAME—*relative assessments—as between different properties.* On a proceeding in the county court to confirm a special assessment made for improving a street, the objectors asked this instruction: "The jury, in arriving at their verdict in this case, in addition to their general verdict, will find specially, as follows: how much ought the premises of the following persons (naming them) to be respectively assessed for said improvement?" which the court refused: *Held,* properly refused.

4. If the jury should find that the assessment was just and fair, and that the amount assessed against each lot was exactly equal to the benefits, then it would be sufficient for them to so state in their verdict. The verdict would be that the property of the objectors was not assessed more or less than it would be benefited, nor more or less than its proportionate share of the cost of the improvement.

5. But if the jury should find that any of such property was assessed more or less than it is benefited, or more or less than its proportionate share of the cost, then they should state in their verdict the amount or amounts for which said property should be assessed.

6. SAME—*apportionment between property owners and municipality— action of commissioners—conclusiveness.* The action of the commissioners appointed by the county court to make a special assessment to improve a street is conclusive, in so far as it fixes the amount of the cost of the improvement that is to be respectively borne by the municipality and the owners of the property to be benefited.

7. SAME—*finding by commissioners—construed.* The report of commissioners appointed to assess the cost of a public improvement on property benefited thereby, showed that they "did apportion the same between the town of L. and such property, so that each shall bear its relative equitable proportion; the amount so estimated and apportioned to said town being the sum of $...., and the amount so estimated and apportioned to property, being the sum of $20,219 :" *Held*, that this was a finding that the public would receive no benefit whatever from the improvement, and was conclusive evidence of that fact.

8. SAME—*street intersections.* The intersections of a street required to be improved are parts of the street, and the cost of improving the same may be assessed upon the lots benefited thereby; and where the commissioners find no benefits to the public, the omission to assess the municipality for the cost of improving the intersections will not invalidate the assessment. If the private property is benefited as much as it is assessed, the owners will have no ground of complaint that the public is not assessed in respect to street intersections.

APPEAL from the County Court of Cook county; the Hon. ELBERT H. GARY, Judge, presiding.

Messrs. H. T. & L. HELM, for the appellants :

There was not a sufficient publication of the notice of the return of the assessment roll to warrant the court in assuming jurisdiction in this case, and confirming said roll.

The assessment was not made in conformity with the mode of making and levying special assessments, and is illegal.

There should have been a different apportionment of said assessment, and a portion of the estimated cost of the improvement should have been estimated as a public benefit, and assessed against the town of Lake.

The town of Lake should have been assessed for a portion of the cost of the improvement and the street intersections, and the same should not have been assessed wholly against property owners. *Scammon* v. *Chicago*, 42 Ill. 192; *Taylor* v. *People*, 66 id. 322; *Chicago* v. *Larned*, 34 id. 203.

When property benefited is not assessed, it is fatal to the assessment. *Chicago* v. *Baer*, 41 Ill. 306; *Scammon* v. *Chicago*, 42 id. 192; *Parmelee* v. *Chicago*, 60 id. 267; *Page* v. *Chicago*, id. 441.

These were all cases of a street improvement where property upon the line of the improvement, alike situated with respect to it as the property which was assessed, and equally therewith specially benefited, was wholly omitted from the assessment roll. *Bigelow* v. *Chicago*, 90 Ill. 49.

Messrs. BURKE, HOLLETT & TINSMAN, for the appellee.

Mr. JUSTICE MAGRUDER delivered the opinion of the Court:

This is a proceeding, under Article 9 of the "Act to provide for the incorporation of cities and villages" (Starr & C. Stat. Vol. 1 page 491; chap. 24, art. 9, secs. 18 to 51), for a special assessment to defray the estimated cost of curbing and macadamizing Winter street from 43d street to 47th street in the town of Lake in Cook County. The commissioners, appointed by the county court to make the assessment, filed the assessment roll made by them in the county court on August 31, 1888, as required by sec. 26 of said article 9.

Appellants claim, that the published notice, given by the commissioners, of the assessment and of the term of court at which a final hearing thereon should be had, was defective. The notice was published, as provided for in section 27 of

article 9, five successive days in a daily newspaper, the first insertion being on August 30, and the last on September 4, 1888. The term of the county court, at which the hearing was to be had, began on September 10, the second Monday of the month. The notice, following the form prescribed by section 27, contained these words: "an assessment thereof having been made and returned to said court." The defect charged against the notice is, that the first publication of it, which was made on August 30, incorrectly stated the assessment roll to have been already returned to the court, when, as matter of fact, such assessment was not filed until the next day, towit: August 31. It is claimed that the notice should have been published five successive days after the return of the assessment roll to the county court.

What may have been the effect of making the first publication on the day before the return of the assessment roll in a case where there had been no personal appearance of the parties to be affected by the notice, it is unnecessary to inquire. It is sufficient to say, that, in this case, the appellants voluntarily appeared before the County Court on September 11, 1888, and filed fourteen objections to the confirmation of the assessment roll, and hotly contested such confirmation. They thereby waived all defects in the notice. (*Murphy* v. *City of Peoria*, 119 Ill. 509.)

It is assigned as error, that the court below refused to give to the jury the following instruction, asked by the objectors: "The court instructs the jury that they are not bound by the assessment made in the assessment roll offered herein; that it is for the jury to ascertain from the evidence how much the property of these objectors is benefited by the proposed improvement." This instruction was properly refused. It is expressed in such a way as to make the impression upon the minds of the jury, that the assessment roll is not a part of the evidence. Section 31 of article 9 expressly provides that the assessment roll, or report of the commissioners, shall be

competent evidence, and that either party may introduce such "*other evidence*" as may tend to establish the right of the matter.

There was no error in refusing the following instruction asked by the objectors: "The jury, in arriving at their verdict in this case, in addition to their general verdict will find specially as follows: How much ought the premises of the following persons (naming them) to be respectively assessed for said improvement?" The estimated cost of this improvement, as fixed by the commissioners appointed by the board of trustees of the town, is apportioned among and assessed upon about 230 different lots owned by different persons, as shown by the assessment roll. If the jury should find, that the assessment, made by the commissioners appointed by the county court, was just and fair, and that the amount assessed against each lot was exactly equal to the benefits derived by it from the improvement, then it would be sufficient for them to so state in their verdict; the verdict would be, that the property of the objectors was not assessed more or less than it would be benefited by the improvement, nor more or less than its proportionate share of the cost of the improvement. In such case to require the jury to state in their verdict how much each lot ought to be assessed would be simply to require them to make a copy of the assessment roll. This is entirely unnecessary. If, however, the jury should believe from the evidence, that any of such property was assessed more or less than it was benefited, or more or less than its proportionate share of the cost of the improvement, then they should state in their verdict the amount or amounts for which such property should be assessed. The distinction thus indicated was ignored in the refused instruction, but was fully and clearly embodied in an instruction given for the petitioners.

We cannot say that the verdict is contrary to the weight of the evidence. A large number of witnesses swore on behalf of the petitioners, that the property would be benefited to the full amount assessed against it, while a large number swore

to the contrary on behalf of the objectors. There was a conflict in the testimony, and it was the province of the jury to pass upon it.

It was further objected by appellants upon the hearing below, that no assessment was made upon the face of the assessment roll against the town of Lake for any public benefits on account of said improvement.

Section 24 of said article 9 provides that it shall be the duty of the commissioners appointed by the county court "to estimate what proportion of the total cost of such improvement will be of benefit to the public, and what proportion thereof will be of benefit to the property to be benefited, and apportion the same between the city or village and such property so that each shall bear its relative equitable proportion," etc. Section 26 of the same article directs, that the commissioners, in the assessment roll made by them, "shall set down as against the city or village the amount they shall have found as public benefit." In this case, the commissioners say in their assessment roll that they did make the estimate above required, and "did apportion the same between the Town of Lake and such property so that each shall bear its relative equitable proportion: the amount so estimated and apportioned to said Town being the sum of $ . . . . . and the amount so estimated and apportioned to property to be benefited being the sum of $20,219.00." In other words, they find that the public receives no benefit whatever from the improvement, and assess the whole cost of it against the property of the private owners. The repeated decisions of this Court require that the action of the county court in overruling the objection now under consideration be sustained.

The ordinance of the town trustees required the improvement to be made wholly by special assessment. The action of the commissioners is held to be conclusive in so far as it fixes the relative amount of the cost of the improvement that is to be respectively borne by the municipality and the owners

of the property to be benefited. (*Fagan et al.* v. *City of Chicago,* 84 Ill. 227; *Bigelow* v. *City of Chicago,* 90 id. 49; *City of Sterling* v. *Galt,* 117 id. 11.)

But it was still further urged as an objection to the assessment roll, that the intersections with Winter street of the side streets which crossed it should have been assessed as being property belonging to the town and benefited by the improvement. It has been held that property owned by the municipality, such as a public square in a city, may be assessed for the improvement of a street on the side of it. (*Scammon* v. *City of Chicago,* 42 Ill. 192; *Taylor* v. *The People,* 66 id. 322; *County of McLean* v. *City of Bloomington,* 106 id. 209.) But in such case the property benefited, although lying along side of the street improved, is yet outside of such street and apart from it. Here, however, the portions of Winter street where the side streets cross it are parts of the street itself upon which the improvement is made. It has never been held that the street, upon which the improvement is made, is subject to assessment as being benefited by the improvement. The ordinance has not provided for raising any money for the improvement of the street intersections by general taxation, and the commissioners have decided that there has been no public benefit to the town. The only course left for the objectors was to show upon the hearing that their lots were benefited less than the amounts assessed against them. In a case like this, the excess of the cost over the benefits received may be raised by general taxation, and, in this indirect way, a portion of the cost of the improvement may be borne by the municipality. (*Watson* v. *City of Chicago,* 115 Ill. 78.) Appellants, however, failed to satisfy the jury that the benefits derived from the improvement by their lots were not equal to the amounts assessed against them. If their lots were benefited as much as they were assessed, appellants have suffered no loss. The judgment of the county court is affirmed.

*Judgment affirmed.*