SPENCER S. HOLT *et al.*

*v.*

THE CITY OF EAST ST. LOUIS.

*Filed at Mt. Vernon June 19, 1894.*

1. SPECIAL TAXATION—*what is abutting property.* It is no valid objection to a special tax to pay for grading or paving a street, that the city or village is not required to pay the cost of improving the street intersections. Streets crossing the one sought to be improved are not abutting lots.

2. The object of special taxation is not to have each lot pay for the actual cost of what is done in front of it, but to have it pay its proportionate share of the whole cost of the improvement.

APPEAL from the County Court of St. Clair county; the Hon. BENJAMIN BONEAU, Judge, presiding.

Mr. W. C. KUEFFNER, for the appellants.

Messrs. CONKLING & GROUT, and Mr. F. G. COCKRELL, for the appellee.

Per CURIAM: This is an appeal from a judgment of confirmation of a special tax to pay the cost of grading and paving Baugh avenue, in East St. Louis. The ordinance provides that the cost shall be paid by special taxation of contiguous property, in proportion to its frontage. Appellants' only objection to the tax assessed under the ordinance is, that the city is not required to pay the cost of street intersections, and they contend that streets crossing the one on which the improvement is made are abutting property, within the meaning of the statute. We do not agree with this contention. The question raised is disposed of in *Walters* v. *Town of Lake*, 129 Ill. 23, in which we used the following language: "But it was still further urged as an objection to the assessment roll, that the intersections with Winter street of the side streets which crossed it should have been assessed as being property belonging to the town and benefited by the improvement. It has been held that property owned by the municipality, such as a public square in a city, may be assessed for the improvement of a street on the side of it. (*Scammon* v. *City of Chicago*, 42 Ill. 192; *Taylor* v. *The People*, 66 id. 322; *County of McLean* v. *City of Bloomington*, 106 id. 209). But in such case the property benefited, although being alongside of the street improved, is yet outside of such street and apart from it. Here, however, the portions of Winter street where the side streets cross it are part of the street itself upon which the improvement is made." See, also, *Lightner* v. *City of Peoria, ante*, 80.

The object of special taxation is not to have each lot pay for the actual cost of what is done in front of it, but its proportionate share of the whole. The cross-street intersections, not being abutting or fronting property, can not be taxed, and appellants' property only bears its proportionate part of the whole cost.

The judgment of the county court will be affirmed.

*Judgment affirmed.*