Ridenour v. Biddle.

## ASSESSMENTS—ERROR.

[Lucas (6th) Circuit Court, June 8, 1907.]

Haynes, Parker and Wildman, JJ.

FRED W. RIDENOUR v. THOMAS BIDDLE, TREAS., ET AL.

1. REASSESSMENT OF UNPAID PORTION OF INVALID ASSESSMENT.

A street improvement assessment having been set aside after settlement has been made as to part of the lots and lands affected, a reassessment of the lots with respect to which there has been no settlement is not invalid because the lots covered by the settlement are omitted from the reassessment.

[For other cases in point, see 1 Cyc. Dig., "Assessments," §§ 385-405.—Ed.]

2. EFFECT OF DESCRIPTION OF UNAFFECTED LANDS IN IMPROVEMENT ORDINANCE.

The fact that a parcel of land described in a special improvement ordinance is not specially assessed does not affect the validity of the assessment, provided such parcel is not specially benefited by the improvement.

[For other cases in point, see 1 Cyc. Dig., "Assessments," §§ 385-405; 6 Cyc. Dig., "Municipal Corporations," §§ 1280-1284.—Ed.]

3. CONSTRUCTION OF NONPREJUDICIAL IRREGULARITIES IN IMPROVEMENT PROCEEDINGS.

The principle that in error proceedings when error is shown it is presumed to be prejudicial, does not apply to irregularities in apportioning improvement assessments; such cases are governed by the principle of liberal construction provided for in Rev. Stat. 2327 (Lan. 3679; B. 1536-280).

[For other cases in point, see 4 Cyc. Dig., "Error," §§ 466-474.—Ed.]

4. INFORMALITY IN IMPROVEMENT ASSESSMENT MUST BE PREJUDICIAL.

An informality in an improvement assessment is not sufficient grounds for setting aside the whole assessment unless it is shown that prejudice has resulted to the plaintiff by reason of such informality.

[For other cases in point, see 1 Cyc. Dig., "Assessments," §§ 535-537.—Ed.]

[Syllabus approved by the court.]

**B. A. Hayes,** for plaintiff.

**C. S. Northup** and **O. W. Nelson,** for defendants.

PARKER, J.

On May 15, 1899, the common council of the city of Toledo adopted an ordinance providing for the improvement of a part of Navarre avenue from Woodville street to the easterly city boundary. Navarre avenue was subsequently improved in accordance with this ordinance by paving the central thirty feet thereof. The assessment upon the property benefited was set aside by this court in accordance with the decision of the Supreme Court in *Ayers* v. *Toledo,* 72 Ohio St. 651, or, rather, the principles that seemed to be applied by the Supreme Court in the reversal, without report, of the decision of that case by this court, which decision is reported in 26 O. C. C. 767. Thereupon the council

took steps to have a reassessment upon certain of the property ben-fited, it appearing that as to a large part of the property the as-sessments had been paid, or settled or adjusted in such a manner as that it was not necessary for the council to take any steps with reference to such parcels; in other words, there were some 114 par-cels in all and but eight parcels remained unadjusted, and those are the eight represented by the plaintiff here. The council, on April 16, 1906, taking notice of this judgment setting aside the original assessment, and taking notice of the fact that the assess-ments as to all of these lots and parcels, excepting the eight, had been adjusted, ordered that there should be a reassessment of these eight parcels (quoting from the resolution): "As near as may be according to benefits and in proportion that the benefits received by said lots and lands bear to the total benefits received by all the lots and lands bound-ing and abutting upon said improvement and as set forth in the reso-lution and ordinance providing for said improvement."

Assessors were appointed who made their report assessing a part of the cost of this improvement upon these eight parcels; and in their re-port they set forth, among other things, that they "find and report an estimated assessment upon the lots and lands set forth in said resolu-tion adopted April 16, 1906; which estimated reassessment so reported herein is made on the lots or parcels of land to be charged therewith as nearly as may be, to the special benefits which result from said improve-ment to the said several lots or parcels of land so assessed, and is ap-portioned among the several lots or parcels of lands specially benefited by said improvement in the proportion that the special benefit to each lot or parcel of land benefited bears to the whole special benefits con-ferred by said improvement."

They then proceed to find the fair market value of these lots and set forth the amount of benefits. This report was confirmed by the council, and the assessments made in pursuance of this action—these reas-sessments by this committee—are attacked by the plaintiff here, and the attack is made upon several grounds, which I shall mention in their order.

The first ground is, that all of the 114 lots not having been reas-sessed, but only the eight lots of the plaintiff, the reassessments could not have been according to benefits, as required by original Rev. Stat. 2264 (see Lan. 3600; B. 1536-210) then in force—the statute under which the reassessments had been made.

We find no statute requiring that, upon a reassessment because of a former assessment having been set aside, such reassessment shall include

the lots and lands with respect to which settlement has been made, and we can think of no reason why that should be done. Counsel in his brief quotes from the case of *Cornell* v. *Franklin Co. (Comrs.)* 67 Ohio St.. 335, 339 [65 N. E. Rep. 998], as follows:

" 'To any extent that one man is compelled to pay in order to re-- lieve others of a public burden properly resting upon them, his prop-- erty is taken for private purposes, as plainly and as palpably as it. would be if appropriated to the payment of the debts or the discharge· of obligations which the persons thus relieved by his payments might owe to private parties.' "

That is undoubtedly true; but here, as I read from the report of' these assessors, they took into consideration not only the benefits re-- sulting to these eight parcels, they not only found that such lots were specially benefited to the extent of the assessments returned, but they found that no assessment exceeded a fair and just proportion of special benefits conferred upon the lot assessed; and they further say dis- tinctly, that they apportion the whole cost of the improvement—that. is to say, the whole amount which was to be assessed upon private prop- erty—"among the several lots or parcels of land specially benefited by' said improvement in the proportion that the special benefit to each lot or parcel of land benefited bears to the whole special benefits conferred' by the improvement."

In the absence of any showing that they did not do this, we must assume that their statement is correct; that they did proceed in this. way, and that they took into consideration the benefits to the other lots. not reassessed, the amount that should be apportioned to them had they not paid their share of the assessments, precisely in the same way and with the same effect of relieving these eight lots from the burden of as- sessments as if they had actually returned a new assessment against the omitted lots. We cannot see how they could well have actually re- turned a new assessment against these other lots, in view of the fact that such lots had borne their shares and proportions of the expenses. We think that in this action the authorities complied with the require- ·ments of the law.

It is pointed out as a second reason why this reassessment should., be set aside, that a part of a certain tract of land, described in the im- provement ordinance, was not assessed any part of the cost or expense of this improvement by either the original assessment or this reassess- ment, and counsel presents the case upon the assumption that because this parcel of land was described in the original improvement ordi- nance it must necessarily follow that it was one of the parcels of'

land benefited by the improvement, that it must share a portion of the burden of the improvement, and, it not having done so, that its share—some part of it at least—must have fallen upon the eight lots owned by the plaintiff. While the statute required that the ordinance should set forth specifically the lots and lands to be assessed, we do not understand that such designation by the ordinance determines, necessarily, that every one of the lots so set forth shall be assessed. In other words, if the committee commissioned to make the assessments should discover that some one or more of the parcels of land described in the ordinance are not in fact benefited by the improvement, we do not understand that they are required to return that there is some benefit, or to make some assessment upon these lots simply because they have been described in the improvement ordinance. For aught that appears, this small parcel of land to which our attention is called, which was omitted from the lands assessed, was not benefited by the improvement. It is a small parcel of land irregular in form, lying eighty rods distant from this paved street; and as we are shown, there are other streets intervening between this parcel and the improved street. It is doubtful if an assessment upon this parcel could be sustained had it been made.

There is a question discussed by counsel in this case respecting the presumption of prejudice, or no prejudice, resulting from error in proceedings of this character. I wish to defer what I have to say upon this subject until I have said something about the third ground of complaint, for that subject has to do with both the second and the third grounds—perhaps with all the grounds of complaint.

The third ground of complaint is, that no assessment was made to be paid by the city on account of the intersections.

In the case of *Burr* v. *Parker,* 30 O. C. C. 297, decided by this court in February, 1907, we had occasion to discuss, briefly, the statute on that subject. We were not required in that case to pass upon the question whether a part of the costs of such improvements should be assessed against the city on account of the intersections, in pursuance of Sec. 2275 Rev. Stat. (repealed, 96 O. L. 96), for the reason that the parties had not, by their averments, put themselves in a position to fairly raise that question; but we called attention to the peculiar state of the law on the subject as apparently made applicable to the city of Toledo, and expressed our doubts as to whether it was ever really intended that Toledo should be subject at the same time to the provisions of Secs. 2274 and 2275 Rev. Stat. (repealed, 96 O. L. 96). It is now urged on behalf of the plaintiffs that

Ridenour v. Biddle.

if these two sections are not reconcilable, Sec. 2275 Rev. Stat. (repealed, 96 O. L. 96), having been enacted or amended after Sec. 2274 Rev. Stat. (repealed, 96 O. L. 96), the former should prevail over the latter, and that therefore, in the city of Toledo, at the time of this improvement, some share of the expense of the improvement should be assessed against the city on account of intersections; in other words, the intersections should be treated as abutting property.

It appears that in this case the whole cost of the intersections was paid by the city. If, proceeding under Sec. 2275 Rev. Stat. (repealed, 96 O. L. 96), the city had directed the assessing committee to assess the whole cost of the improvement including the costs of intersections upon all of the abutting property, including the intersections, it is not apparent that that would have lightened the burden of plaintiffs here; indeed it seems to be almost demonstrable that a heavier burden would have fallen upon the property owners than was laid upon them where the city proceeded, as it did, to deduct the whole cost of the intersections and pay it from the city fund. We still entertain doubts as to whether Sec. 2275 Rev. Stat. (repealed, 96 O. L. 96) should be given effect; but, assuming that it should, it is not apparent that any prejudice resulted to the plaintiffs from the city's proceeding as it did instead of proceeding as counsel for plaintiffs contends it should have proceeded.

Upon this subject counsel for the plaintiffs, in his brief, cites the cases of *State* v. *Aldridge,* 66 Ohio St. 598 [64 N. E. Rep. 562], and especially 604; *Cleveland Punch & Shear Wks. Co.* v. *Carbon Co.* 75 Ohio St. 153, and especially 170, to the effect that in error proceedings, where error is shown, prejudice is presumed. That, of course, is the general rule, in cases of that character. He also cites the language of the court in the course of the opinion in the case of *Stephan* v. *Daniel,* 27 Ohio St. 527, the notation being at 536, to the effect that under Rev. Stat. 5848 (Lan. 9387) a remedy is given by injunction to restrain the collection of assessments or taxes unlawfully levied, and that in the application the plaintiff need not aver or show, as required under ordinary rules in equity, that great or irreparable injury is about to be done for which he has no adequate remedy at law, but he need only show that the tax which is about to be assessed or collected is illegal. But we do not think that the authority just mentioned, or those upon the subject of proceedings in error, quite meet the question. The authorities that we regard as more nearly in point are cited by counsel for the city, and to some of these I will call attention.

In the first place, it is provided in Rev. Stat. 2327 (Lan. 3679; B. 1536-280) that—

"Proceedings with respect to improvements shall be liberally construed by the councils and courts, to secure a speedy completion of the work, at reasonable cost, and the speedy collection of the assessment after the time has elapsed for its payment, and merely formal objections shall be disregarded; but the proceedings shall be strictly construed in favor of the owner of property assessed or injured, as to the limitations on assessment of private property, and compensation for damages sustained."

Now we do not regard the question made here as one involving limitation on assessments; it is not one involving compensation for damages sustained, nor is it one that goes to the jurisdiction of the city officials; so that we think it is a case in which the doctrine of liberal construction should be applied to the proceedings of the city and its officials. Their actions should not be modified or set aside even if there should be informality therein, unless some prejudice to the party complaining should be made manifest or at least probable.

In *Ayers* v. *Toledo, supra*, we expressed our views upon this subject, and we have done so in a number of cases, but our views are challenged and we feel disposed to look further for authority than our own utterances. In the case of *Burr* v. *Parker, supra*, this was said:

"Now it may be, that, if it should be made to appear that some lots or lands that should have been assessed were omitted, that would render the assessment of the other lots and lands invalid so that the court would be required to enjoin the assessment and a new assessment would have to be made including those lots and lands; but certainly, where one goes into a court of equity with a claim of that character, he should make it appear affirmatively that the lots and lands which he says should have been assessed derived some benefit from the improvement, so that they should have been assessed and so it should appear at least probable that upon a reassessment some assessment would be laid upon such lots and lands and probably thereby the assessment upon his lots and lands would be lessened."

And one clause of the syllabus in *Ayers* v. *Toledo, supra*, is:

"The presumption that an assessment is inequitable does not arise from the mere failure of the municipal council to make a record of the valuation of property charged therein."

To be sure, as already said, this decision was reversed, but we do not understand that the doctrine stated in that clause of the syllabus

Ridenour v. Biddle.

was necessarily disapproved; and I shall undertake to show that it is the doctrine of the Supreme Court as set forth in a number of cases.

In the case of *Steese* v. *Oviatt*, 24 Ohio St. 248, it is said, page 253:

"Proceeding under the statute, the party complaining is not required to show a case of threatened irreparable injury, or the absence of a remedy by ordinary legal proceedings; but he must exhibit a case in which, upon the merits, he is entitled to the equitable relief demanded.

"In these cases, notwithstanding the irregularities complained of, the plaintiff's property was, under the statute, clearly subject to be charged to pay the expense of the respective improvements. The assessments were made by competent authority, and although irregularly made, it does not appear that any injustice was done."

In *Cincinnati* v. *Shoemaker*, 25 O. C. C. 256, which was affirmed by the Supreme Court in *Cincinnati* v. *Shoemaker*, 68 Ohio St. 733, this language occurs, page 257:

"If the benefits conferred are equal to the assessment, there is nothing to move a court of equity to intervene by injunction."

In *Ridenour* v. *Saffin*, 12 Dec. Re. 238 (1 Handy 464), reading from page 245, the court say:

"We know it is said, that for aught that appears, the heaviest and most costly part of the work might have been done on that part of the road which was not required to be improved; but that would be to reverse the rule of presumption, which holds, in matters of public duty, that the acts of the public officer are rightly done. Where it is not shown by proof, either way, how the matter stands, it ought to be presumed that the lawmaking power has acted in the spirit of equality and justice."

In *Benham* v. *Cincinnati*, 26 O. C. C. 17:

"Where, however, the assessing board has made a finding of benefits and has made the assessment on that basis, such finding and assessment are *prima facie* correct, and should not lightly be disturbed or inquired into in the absence of allegations of some of the grounds usually invoking equitable intervention."

In *Bloch* v. *Godfrey*, 26 O. C. C. 781, quoting from page 783:

"We are of the opinion, therefore, that there having been no objection made by Mr. Hayes at the time this apportionment was made, but he having acquiesced in it, he is bound by it, and that the fact that some part of the assessment was not levied upon these other lots, in the absence of any evidence that there was any injustice therein, this apportionment of the whole cost of the improvement to lots 1 to 29, does not

present any legal ground for invalidating the assessment or enjoining the levy.'' Affirmed, *Bloch* v. *Parker*, 71 Ohio St. 533.

*Chicago, R. I. & P. Ry.* v. *Chicago*, 139 Ill. 573, 580 [28 N. E. Rep. 1108]:

In order to be entitled to relief plaintiff must show that his assessment would have been reduced by showing ''that the street railway was specially benefited, and the extent of its benefits; but there can be no presumption in that respect in the absence of evidence.''

In *Walters* v. *Lake*, 129 Ill. 23, 29 [21 N. E. Rep. 556], it was claimed that part of the cost of the improvement should be assessed against the city by reason of intersections; but it was said that

''The commissioners have decided that there has been no public benefit to the town. The only course left for the objectors was to show upon the hearing that their lots were benefited less than the amount assessed against them.''

*Davies* v. *Saginaw*, 87 Mich. 439, 451 [49 N. W. Rep. 667]:

''The confirmation of that roll by the council, determined that the proportion of the aggregate benefit received by each parcel was equal to the burden imposed, and in the absence of fraud, oppression, or manifest mistake, such determinations are conclusive.''

*White* v. *Tacoma*, 109 Fed. Rep. 32, 36:

''If it appears that an assessment has been levied by competent authority, and that it is fair, and not in excess of the benefits to accrue by reason of the improvements to be paid for, it will be sustained by the courts.'' See also, *Muchmore* v. *Miller*, 9 Dec. Re. 176 (11 Bull. 160).

We are of the opinion that the plaintiffs have failed to show that they have been prejudiced by any informality that may have crept in here; they have failed to show that there is any equity or real merit in their complaint. On the other hand, it seems to us to be very apparent that the council has proceeded with care in the matter of this reassessment. The burden laid upon these lots is somewhat lighter than it was under the original assessment and no property seems to have been omitted that was really benefited, and, therefore, we think we should not set this assessment aside. The petition of the plaintiffs will be dismissed at their costs.

**Haynes** and **Wildman, JJ.,** concur.