### IRREGULARITIES IN STREET IMPROVEMENT ASSESSMENTS.

Circuit Court of Lucas County.

FRED W. RIDENOUR v. THOMAS BIDDLE, TREASURER, ET AL.

Decided, June 8, 1907.

*Streets—Reassessment for Improvement of—After Invalid Assessment has been Set Aside—Not Invalidated Because of Settlement as to Some of the Lots—Effect of Omission of Parcel from the Land Described—Presumption that Error was Prejudicial not Applicable to Street Improvement Proceedings—Informality must be Shown to be Prejudicial.*

1. Where a street improvement assessment has been set aside after settlement has been made as to part of the lots and lands affected, a reassessment of the lots with respect to which there has been no settlement is not invalid because the lots covered by the settlement are omitted from the reassessment.

2. The fact that a parcel of land described in a special improvement ordinance is not specially assessed does not affect the validity of the assessment, provided such parcel is not specially benefited by the improvement.

3. The principle that in error proceedings when error is shown it is presumed to be prejudicial, does not apply to irregularities in apportioning improvement assessments; such cases are governed by the principle of liberal construction provided for in Revised Statutes, Section 2327 (1536-280).

4. An informality in an improvement assessment is not a sufficient ground for setting aside the whole assessment, unless it is shown that prejudice has resulted to the plaintiff by reason of such informality.

PARKER, J.; HAYNES, J., and WILDMAN, J., concur.

On May 15, 1899, the common council of the city of Toledo adopted an ordinance providing for the improvement of a part of Navarre avenue from Woodville street to the easterly city boundary. Navarre avenue was subsequently improved in accordance with this ordinance by paving the central thirty feet thereof. The assessment upon the property benefited was set aside by this court in accordance with the decision of the Supreme Court in *Ayers* v. *Toledo*, 72 Ohio St., 651, or, rather, the principles that seemed to be applied by the Supreme Court in the reversal, without report, of the decision of that case by this court, which decision is reported in 6 C. C.—N. S., 57. Thereupon the council took steps to have a reassessment upon certain of the property benefited, it appearing that as to a large part of the property the assessments had been paid, or settled or adjusted in such manner as that it was not necessary for the council to take any steps with reference to such parcels; in other words, there were some 114 parcels in all and but eight parcels remained unadjusted, and those are the eight represented by the plaintiff here. The council, on April 16, 1906, taking notice of this judgment setting aside the original assessment, and taking notice of the fact that the assessments as to all of these lots and parcels, excepting the eight, had been adjusted, ordered that there should be a reassessment of these eight parcels (quoting from the resolution): "As near as may be according to benefits and in proportion that the benefits received by said lots

and lands bear to the total benefits received by all the lots and lands bounding and abutting upon said improvement and as set forth in the resolution and ordinance providing for said improvement.''

Assessors were appointed who made their report assessing a part of the cost of this improvement upon these eight parcels; and in their report they set forth, among other things, that they ''find and report an estimated assessment upon the lots and lands set forth in said resolution adopted April 16, 1906; which estimated reassessment so reported herein is made on the lots or parcels of land to be charged therewith as nearly as may be, to the special benefits which result from said improvement to the said several lots or parcels of land so assessed, and is apportioned among the several lots or parcels of lands specially benefited by said improvement in the proportion that the special benefit to each lot or parcel of land benefited bears to the whole special benefits conferred by said improvement.''

They then proceed to find the fair market value of these lots and set forth the amount of benefits. This report was confirmed by the council, and the assessments made in pursuance of this action—these reassessments by this committee—are attacked by the plaintiff here, and the attack is made upon several grounds, which I shall mention in their order.

The first ground is, that all of the 114 lots not having been reassessed, but only the eight lots of the plaintiff, the reassessments could not have been according to benefits, as required by original Section 2264, Revised Statutes, then in force—the statute under which the reassessments had been made.

We find no statute requiring that, upon a reassessment because of a former assessment having been set aside, such reassessment shall include the lots and lands with respect to which settlement has been made, and we can think of no reason why that should be done. Counsel in his brief quotes from the case of *Cornell* v. *Franklin County,* 67 Ohio St., 335, 339, as follows:

''To any extent that one man is compelled to pay in order to relieve others of a public burden properly resting upon them, his property is taken for private purposes, as plainly and as palably as it would be if appropriated to the payment of the debts or

the discharge of obligations which the persons thus relieved by his payments might owe to private parties."

That is undoubtedly true; but here, as I read from the report of these assessors, they took into consideration not only the benefits resulting to these eight parcels; they not only found that such lots were specially benefited to the extent of the assessments returned, but they found that no assessment exceeded a fair and just proportion of special benefits conferred upon the lot assessed; and they further say distinctly, that they apportion the whole cost of the improvement—that is to say, the whole amount which was to be assessed upon private property—"among the several lots or parcels of land specially benefited by said improvement in the proportion that the special benefit to each lot or parcel of land benefited bears to the whole special benefits conferred by the improvement."

In the absence of any showing that they did not do this, we must assume that their statement is correct; that they did proceed in this way, and that they took into consideration the benefits to the other lots not reassessed, the amount that should be apportioned to them had they not paid their share of the assessments, precisely in the same way and with the same effect of relieving these eight lots from the burden of assessments as if they had actually returned a new assessment against the omitted lots. We can not see how they could well have actually returned a new assessment against these other lots, in view of the fact that such lots had borne their shares and proportions of the expenses. We think that in this action the authorities complied with the requirements of the law.

It is pointed out as a second reason why this reassessment should be set aside, that a part of a certain tract of land, described in the improvement ordinance, was not assessed any part of the cost or expense of this improvement by either the original assessment or this reassessment, and counsel presents the case upon the assumption that because this parcel of land was described in the original improvement ordinance it must necessarily follow that it was one of the parcels of land benefited by the improvement, that it must share a portion of the burden of the improvement, and it not having done so that its share—some

part of it at least—must have fallen upon the eight lots owned by the plaintiff. While the statute required that the ordinance should set forth specially the lots and lands to be assessed, we do not understand that such designation by the ordinance determines, necessarily, that every one of the lots so set forth shall be assessed. In other words, if the committee commissioned to make the assessments should discover that some one or more of the parcels of land described in the ordinance are not in fact benefited by the improvement, we do not understand that they are required to return that there is some benefit, or to make some assessment upon these lots simply because they have been described in the improvement ordinance. For aught that appears, this small parcel of land to which our attention is called, which was omitted from the lands assessed, was not benefited by the improvement. It is a small parcel of land irregular in form, lying eighty rods distant from this paved street; and as we are shown, there are other streets intervening between this parcel and the improved street. It is doubtful if an assessment upon this parcel could be sustained had it been made.

There is a question discussed by counsel in this case respecting the presumption of prejudice, or no prejudice, resulting from error in proceedings of this character. I wish to defer what I have to say upon this subject until I have said something about the third ground of complaint, for that subject has to do with both the second and the third grounds—perhaps with all the grounds of complaint.

The third ground of complaint is, that no assessment was made to be paid by the city on account of the intersections.

In the case of *Burr* v. *Parker*, *post*, decided by this court in February, 1907, we had occasion to discuss, briefly, the statute on that subject. We are not required in that case to pass upon the question whether a part of the costs of such improvements should be assessed against the city on account of the intersections, in pursuance of Section 2275, Revised Statutes (repealed, 96 O. L., 96), for the reason that the parties had not, by their averments, put themselves in a position to fairly raise that question; but we called attention to the peculiar state of the law on the subject as apparently made applicable to the city of Toledo,

and expressed our doubts as to whether it was really intended
that Toledo should be subject at the same time to the provisions
of Sections 2274 and 2275, Revised Statutes (repealed, 96 O.
L., 96). It is now urged on behalf of the plaintiffs that if these
two sections are not reconcilable, Section 2275, Revised Statutes
(repealed, 96 O. L., 96), having been enacted or amended after
Section 2274, Revised Statutes (repealed, 96 O. L., 96), the
former should prevail over the latter, and that therefore, in the
city of Toledo, at the time of this improvement, some share of
the expense of the improvement should be assessed against the
city on account of intersections; in other words, the intersec-
tions should be treated as abutting property.

It appears that in this case the whole cost of the intersections
was paid by the city. If, proceeding under Section 2275, Re-
vised Statutes (repealed, 96 O. L., 96), the city had directed the
assessing committee to assess the whole cost of the improvement
including the costs of intersections upon all of the abutting
property, including the intersections, it is not apparent that that
would have lightened the burden of plaintiffs here; indeed it
seems to be almost demonstrable that a heavier burden would
have fallen upon the property owners than was laid upon them
where the city proceeded, as it did, to deduct the whole cost of
the intersections and pay it from the city fund. We still enter-
tain doubts as to whether Section 2275, Revised Statutes (re-
pealed, 96 O. L., 96), should be given effect; but, assuming that
it should, it is not apparent that any prejudice resulted to the
plaintiffs from the city's proceeding as it did instead of pro-
ceeding as counsel for plaintiffs contends it should have pro-
ceeded.

Upon this subject, counsel for the plaintiffs in his brief cites
the cases of *State* v. *Aldridge*, 66 Ohio St., 598, and especially
604; *Cleveland Punch & Shear Wks. Co.* v. *Carbon Co.*, 75
Ohio St., 153, and especially 170, to the effect that in error pro-
ceedings, where error is shown, prejudice is presumed. That,
of course, is the general rule, in cases of that character. He also
cites the language of the court in the course of the opinion in
the case of *Stephan* v. *Daniel*, 27 Ohio St., 527, the notation be-
ing at 536, to the effect that under Section 5848, Revised Stat-

utes, a remedy is given by injunction to restrain the collection of assessments or taxes unlawfully levied, and that in the application the plaintiff need not aver or show, as required under ordinary rules in equity, that great or irreparable injury is about to be done for which he has no adequate remedy at law, but he need only show that the tax which is about to be assessed or collected is illegal. But we do not think that the authority just mentioned, or those upon the subject of proceedings in error, quite meet the question. The authorities that we regard as more nearly in point are cited by counsel for the city, and to some of these I will call attention.

In the first place, it is provided in Section 2327, Revised Statutes (1536-280) that—

"Proceedings with respect to improvements shall be liberally construed by the councils and courts, to secure a speedy completion of the work, at reasonable cost, and the speedy collection of the assessment after the time has elapsed for its payment, and merely formal objections shall be disregarded; but the proceedings shall be strictly construed in favor of the owner of property assessed or injured, as to the limitations on assessment of private property, and compensation for damages sustained."

Now we do not regard the question made here as one involving limitation on assessments; it is not one involving compensation for damages sustained, nor is it one that goes to the jurisdiction of the city officials; so that we think it is a case in which the doctrine of liberal construction should be applied to the proceedings of the city and its officials. Their actions should not be modified or set aside even if there should be informality therein, unless some prejudice to the party complaining should be made manifest or at least probable.

In *Ayers* v. *Toledo, supra,* we expressed our views upon this subject, and we have done so in a number of cases, but our views are challenged, and we feel disposed to look further for authority than our own utterances. In the case of *Burr* v. *Parker, supra,* this was said:

"Now it may be, that, if it should be made to appear that some lots or lands that should have been assessed were omitted, that would render the assessment of the other lots and lands

invalid so that the court would be required to enjoin the assessment and a new assessment would have to be made including those lots and lands; but certainly, where one goes into a court of equity with a claim of that character, he should make it appear affirmatively that the lots and lands which he says should have been assessed derived some benefits from the improvement, so that they should have been assessed and so it should appear at least probable that upon a reassessment some assessment would be laid upon such lots and lands and probably thereby the assessment upon his lots and lands would be lessened.''

And one clause of the syllabus in *Ayers* v. *Toledo, supra,* is:

''No presumption that an assessment is inequitable arises from the mere failure of the municipal council to make a record of the valuation of property charged therewith.''

To be sure, as already said, this decision was reversed, but we do not understand that the doctrine stated in that clause of the syllabus was necessarily disapproved; and I shall undertake to show that it is the doctrine of the Supreme Court as set forth in a number of cases.

In the case of *Steese* v. *Oviatt,* 24 Ohio St., 248, it is said, page 253:

''Proceeding under the statute, the party complaining is not required to show a case of threatened irreparable injury, or the absence of a remedy by ordinary legal proceedings; but he must exhibit a case in which, upon the merits, he is entitled to the equitable relief demanded.

''In these cases, notwithstanding the irregularities complained of, the plaintiff's property was, under the statute, clearly subject to be charged to pay the expense of the respective improvements. The assessments were made by competent authority, and although irregularly made, it does not appear that any injustice was done.''

In *Cincinnati* v. *Shoemaker,* 1 C. C.—N. S., 11, which was affirmed by the Supreme Court in *Cincinnati* v. *Shoemaker,* 68 Ohio St., 733, this language occurs, page 13:

''If the benefits conferred are equal to the assessment, there is nothing to move a court of equity to intervene by injunction.''

In *Ridenour* v. *Saffin,* 1 Handy, 464, reading from page 245, the court say:

"We know it is said, that for aught that appears, the heaviest and most costly part of the work might have been done on that part of the road which was not required to be improved; but that would be to reverse the rule of presumption, which holds, in matters of public duty, that the acts of the public officer are rightly done. Where it is not shown by proof, either way, how the matter stands, it ought to be presumed that the law-making power has acted in the spirit of equality and justice."

In *Benham* v. *Cincinnati,* 4 C. C.—N. S., 36:

"Where, however, the assessing board has made a finding of benefits and has made the assessment on that basis, such finding and assessment are *prima facie* correct, and should not lightly be disturbed or inquired into in the absence of allegations of some of the grounds usually invoking equitable intervention."

In *Block* v. *Godfrey,* 5 C. C.—N. S., 318, quoting from page 319:

"We are of the opinion, therefore, that there having been no objection made by Mr. Hayes at the time this apportionment was made, but he having acquiesced in it, he is bound by it, and that the fact that some part of the assessment was not levied upon these other lots, in the absence of any evidence that there was any injustice therein, this apportionment of the whole cost of the improvement to lots 1 to 29, does not present any legal ground for invalidating the assessment or enjoining the levy." Affirmed, *Block* v. *Parker,* 71 Ohio St., 533.

*Chicago, R. I. & P. Ry.* v. *Chicago,* 139 Ill., 573, 580: In order to be entitled to relief plaintiff must show that his assessment would have been reduced by showing "that the street railway was specially benefited, and the extent of its benefits; but there can be no presumption in that respect in the absence of evidence."

In *Walters* v. *Lake,* 129 Ill., 23, 29, it was claimed that part of the cost of the improvement should be assessed against the city by reason of intersections; but it was said that—

"The commissioners have decided that there has been no public benefit to the town. The only course left for the objectors was to show upon the hearing that their lots were benefited less than the amount assessed against them."

*Davies* v. *Saginaw*, 87 Mich., 439, 451:

"The confirmation of that roll by the council, determined that the proportion of the aggregate benefit received by each parcel was equal to the burden imposed, and in the absence of fraud, oppression, or manifest mistake, such determinations are conclusive."

*White* v. *Tacoma*, 109 Fed. Rep., 32, 36:

"If it appears that an assessment has been levied by competent authority, and that it is fair, and not in excess of the benefits to accrue by reason of the improvements to be paid for, it will be sustained by the courts."

See, also, *Muchmore* v. *Miller*, 11 Bull., 160.

We are of the opinion that the plaintiffs have failed to show that they have been prejudiced by any informality that may have crept in here; they have failed to show that there is any equity or real merit in their complaint. On the other hand, it seems to us to be very apparent that the council has proceeded with care in the matter of this reassessment. The burden laid upon these lots is somewhat lighter than it was under the original assessment and no property seems to have been omitted that was really benefited, and, therefore, we think we should not set this assessment aside. The petition of the plaintiffs will be dismissed at their costs.

*B. A. Hayes*, for plaintiffs.

*C. S. Northup* and *O. W. Nelson*, contra.