CHICAGO, MILWAUKEE & ST. PAUL RY. CO., Respondent,
v. POLAND, County Treasurer, et al., Appellants.

(No. 3,882.)

(Submitted March 8, 1918. Decided March 25, 1918.)

[172 Pac. 541.]

*Cities and Towns — Special Street Improvements — Railway
Right of Way—Easement in Streets—Assessment—Sale for
Nonpayment.*

Special Street Improvements — Railway Right of Way — Assessment —
Mode of Payment.
1. An easement in a city street in favor of a railway company
for right of way purposes in crossing it is not susceptible of assess-
ment for a special improvement, where the basis adopted for ap-
portioning the cost thereof is front footage; nor is the tract itself
assessable under such plan, since under it the lot or parcel of land
bordering or abutting on the street on which the improvement was
made must bear the cost proportionately, and a street cannot border
or abut upon itself.
[As to assessment of railroad right of way for street improve-
ment, see note in Ann. Cas. 1916E, 579.]

Same—Railway Right of Way—Assessment—Sale.
2. A tract in a city street used for a right of way by a railway
is not property owned or controlled by the company, but is owned by
the public and controlled by the city exclusively, and is therefore
not assessable for special improvements or subject to sale for the
purpose of paying for the improvement upon failure of the company
to pay.

*Appeal from District Court, Fergus County; Roy E. Ayers,
Judge.*

. Action by the Chicago, Milwaukee & St. Paul Railway Com-
pany against Rufus G. Poland, treasurer of Fergus county, and
the City of Lewistown. From a judgment for plaintiff, defend-
ants appeal. Affirmed.

*Mr. J. B. Kirkland,* for Appellants, submitted a brief.

Under the plain wording of the provisions of Chapter 89 of
the Laws of 1913, there can be no doubt that the railway right

of way in question, owned as an easement only, is "included within the street improved," and is a lot, land or piece or parcel of land, and hence is properly owned or controlled by the railway company; and the fact that it is a mere easement, and not owned in fee, does not relieve it from assessment. Wisconsin, Michigan, Pennsylvania, Missouri, Connecticut, Iowa and Washington, and one or two other states seem to hold that a railroad right of way cannot be assessed for local improvements. Various reasons are given for the rule laid down by the courts in said states; but, in the main, the opinions of the courts are based upon the proposition that a railroad right of way owned as an easement only is not a lot, land or piece or parcel of land. Where the courts have held that a railroad easement is not subject to assessment for a local improvement, it has been a case where the Code provisions of the state would bear no other construction. The supreme courts of New Jersey, Kentucky, Illinois, Ohio and California are among the principal courts which have held that, under the statutes of their respective states, such rights of way of railroads are assessable for local improvements, and in not one of these states referred to is the legislative intention in this regard made as clear as it is by Chapter 89 of the Laws of 1913. (*Los Angeles Pacific Co.* v. *Hubbard,* 17 Cal. App. 646, 121 Pac. 306; *Chicago & Northwestern Ry. Co.* v. *Village of Elmhurst,* 165 Ill. 148, 46 N. E. 437; *City of New Haven* v. *Fair Haven & Westfield R. Co.,* 38 Conn. 422, 9 Am. Rep. 399; *Louisville & N. R. Co.* v. *R. B. Park & Co.;* 117 Ky. 779, 79 S. W. 206, 80 S. W. 1108, 81 S. W. 251; *Shreveport* v. *Prescott,* 51 La. 1895, 46 L. R. A. (n. s.) 193, 26 South. 664; *Edwards Hotel & City R. Co.* v. *City of Jackson,* 96 Miss. 547, 51 South. 802; *Heman Construction Co.* v. *Wabash R. Co.,* 206 Mo. 172, 121 Am. St. Rep. 649, 12 Ann. Cas. 630, 12 L. R. A. (n. s.) 112, 104 S. W. 67; *State* v. *City of Passaic,* 54 N. J. L. 340, 23 Atl. 945; *Troy & Lansingburgh R. Co.* v. *Kane,* 9 Hun (N. Y.), 506; *Chatham County Commrs.* v. *Seaboard Airline Ry. Co.,* 133 N. C. 216, 45 S. E. 566; *Northern Pacific R. Co.* v.

*Richland County,* 28 N. D. 172, Ann. Cas. 1916E, 574, L. R. A. 1915A, 129, 148 N. W. 545; *Northern Indiana R. Co.* v. *Connelly,* 10 Ohio St. 159, 160; *Oklahoma City* v. *Shields,* 26 Okl. 265, 100 Pac. 559; 1 Page & Jones on Taxation by Assessment, secs. 597, 598, 601, 620, 630; 5 McQuillin on Municipal Corporations, sec. 2050.)

The weight of authority is to the effect that a fragmentary portion of a railroad right of way, whether owned in fee or as an easement, is subject to sale for the assessment levied against it, where such power of sale is specifically given by statute. (1 Page & Jones on Taxation by Assessment, sec. 1078; *Northern Pacific Ry. Co.* v. *Richland County, supra; Heman Construction Co.* v. *Wabash R. Co., supra; Los Angeles Pacific Co.* v. *Hubbard, supra; Illinois Central Ry. Co.* v. *Commissioners,* 129 Ill. 417, 21 N. E. 925.)

Even though this court should hold such right of sale, though expressly given by statute and not forbidden by the Constitution, against public policy, nevertheless, the fact that the proceeding provided by the legislature for the enforcement of the lien is not available, will not invalidate the assessment; but the court will provide an appropriate remedy for the collection of the assessment. (*City of Kalispell* v. *School District No. 5,* 45 Mont. 221, Ann. Cas. 1913D, 1101, 122 Pac. 742; *Pittsburg etc. Co.* v. *Fish,* 158 Ind. 525, 63 N. E. 454; *Commissioners of Franklin County* v. *City of Ottawa,* 49 Kan. 747, 33 Am. St. Rep. 396, 31 Pac. 788.)

*Mr. Rudolf von Tobel,* for Respondent, submitted a brief and argued the cause orally.

The assessment against which this action is directed is not uniform and equal as between the different property owners in the special improvement district. (*Billings Sugar Co.* v. *Fish,* 40 Mont. 256, 278, 20 Ann. Cas. 264, 106 Pac. 565, quotes with approval from *Raleigh* v. *Peace,* 110 N. C. 32, 17 L. R. A. 330,

14 S. E. 521; *People* v. *Lynch*, 51 Cal. 15, 20, 21 Am. Rep. 677; Hamilton's Law of Special Assessments, sec. 594.)

The assessment in the case at bar is unequal and not uniform in this: It is levied upon all of the private property fronting on Main street, including six lots belonging to respondent, and in addition to said lots the assessment is levied against the tract of land lying wholly within Main street. In other words, respondent is assessed upon all of its Main street lots, the same as every other property owner in the district, and in addition is asked to pay the sum of $520.39 assessed against a portion of the street itself.

Upon the question of benefits derived it is not contended that respondent's Main street lots, namely, its station grounds, are not benefited equally with other lots along the street, but it is maintained that there is no special benefit warranting any further assessment such as is made against that portion of the street over which its tracks extend. (*McMillan* v. *Butte*, 30 Mont. 220, 76 Pac. 203; *Power* v. *Helena*, 43 Mont. 336, 36 L. R. A. (n. s.) 139, 116 Pac. 415.) While the courts are inclined to accept the judgment of the legislature as to what property is benefited, nevertheless there must be some real, tangible benefit to the property from the improvement to sustain the assessment. (*Butte* v. *School Dist. No. 1*, 29 Mont. 336, 74 Pac. 869; *City of Bridgeport* v. *New York & N. H. R. Co.*, 36 Conn. 255, 4 Am. Rep. 63; *New York & N. H. R. R. Co.* v. *City of New Haven*, 42 Conn. 279, 19 Am. Rep. 534; *New Jersey R. & T. Co.* v. *City of Elizabeth*, 37 N. J. L. 330; *Northern Pac. R. R. Co.* v. *City of Seattle*, 46 Wash. 674, 123 Am. St. Rep. 955, 12 L. R. A. (n. s.) 121, 91 Pac. 244; *City of Owensboro* v. *Sweeney*, 129 Ky. 607, 130 Am. St. Rep. 477, 18 L. R. A. (n. s.) 181, 111 S. W. 364; *Norwood* v. *Baker*, 172 U. S. 269, 43 L. Ed. 443; *City of Hartford* v. *West Middle District*, 45 Conn. 462, 29 Am. Rep. 687.)

"A city charter, authorizing the assessment of lands 'abutting' on a street for improvements thereof, does not apply to a

railroad right of way which lies wholly within the street."
(*Indianapolis & V. Ry. Co.* v. *Capitol Pav. & Const. Co.*, 24
Ind. App. 114, 54 N. E. 1076; *South Park Commrs.* v. *Chicago
B. & Q. R. R. Co.*, 107 Ill. 105, 108; *Holt* v. *City of East St.
Louis*, 150 Ill. 530, 37 N. E. 927.)

While there is a hopeless conflict in the authorities as to the
right to assess, there is much less conflict as to the right to sell
a portion of the right of way in enforcement of the levy.   In
the case of *Detroit G. H. & M. Ry. Co.* v. *Grand Rapids*, 106
Mich. 13, 58 Am. St. Rep. 466, 28 L. R. A. 793, 63 N. W. 1007,
it is held that a right of way cannot be either assessed or sold.
(See, also, *Philadelphia* v. *Philadelphia W. & B. R. Co.*, 33 Pa.
St. 41, 43.)   The annotator of *Heman Construction Co.* v.
*Wabash R. Co.*, 12 L. R. A. (n. s.) 112, in the note to that case,
says: "Of the few cases that deal with the question, whether
the right of way may be sold to satisfy a lien for local assess-
ments, nearly all deny the right to make such sale."

MR. JUSTICE SANNER delivered the opinion of the court.

Appeal from a judgment enjoining the sale of certain prop-
erty for a delinquent special improvement district assessment.
The material facts are: That under the authority of Chapter
89, Session Laws 1913, the city of Lewistown created special
improvement district No. 9 for the purpose of paving Main
street to where it intersects Miller street and the Chicago, Mil-
waukee & St. Paul Railway crossing at that point; the exterior
boundaries of the district include such intersection and they
mark the end of the paving in that direction; the basis adopted
for apportioning the cost of the improvement was front footage
and the respondent declined to pay the assessment levied against
the property here involved; that property is in and is a portion
of Main street, but it is impressed with an easement in favor of
the respondent, for railway right of way, and the question pre-
sented is whether this tract is subject to the sale herein pro-

posed. The situation is shown by the following sketch, the tract A–B–C–D being the bone of contention:

A noticeable feature of the case is that the subject of the proposed sale is the tract A–B–C–D itself—not the easement or right of way enjoyed by the respondent; and the respondent contends—as the district court held—that the sale is not permissible because (a) neither the tract itself nor the respondent's interest therein borders or abuts upon the street; (b) the property assessed and sought to be sold is not owned or controlled by the respondent; (c) the continuous service of a railroad is of such paramount public importance that a portion of the right of way cannot be sold to pay an assessment of this kind.

By section 14 of the Act relating to special improvement districts (Chap. 89, *supra*) one of two methods of assessment for paying the cost of the improvements may be pursued, *viz.*, by area, the city assuming or not, as it chooses, the cost of the street and alley intersections, or by foot frontage, apportioning the cost to each lot or parcel of land within the district "bordering

or abutting upon street or streets whereon or wherein the improvement has been made.'' The city chose the latter method, and if, pursuing it, the property here involved could be lawfully assessed, we see nothing in the fact that it is occupied by a railway which would necessarily prevent its sale upon failure to pay the assessment. (*Northern Pac. Ry. Co.* v. *Richland County*, 28 N. D. 172, Ann. Cas. 1916E, 574, L. R. A. 1915A, 129, 148 N. W. 545.) What use the purchaser could make of it need not be considered.

The choice allowed the municipality by the provisions of section 14 is apparently unrestricted; but in reality this is not so. For the purposes of the Act, the term ''lot or parcel of land'' is deemed to include a railroad right of way held as an easement; so, doubtless, the respondent's right of way was subject [1] to assessment. But the easement—assuming that it and not the tract is offered for sale—is not and cannot be anything more than a mere incorporeal hereditament, a naked right of passage which the respondent shares with the general public, because it is impressed upon an open street, the fee to which is in the public; hence to say that this easement could be assessed is an altogether different thing from saying that it could be assessed in the particular mode here pursued. The available method of assessing any ''lot or parcel of land,'' however defined, is of necessity limited by its character or situation; and just how an easement such as this can be said to border or abut upon the street or anything else, it is impossible to conceive. Its situation is similar to that of a lot located away from Main street. Such a lot could have been included in the district and assessed for part of the cost of paving, but not in this way; so here the nature of the property subject to the assessment precluded the use of the front foot method. (*South Park Commrs.* v. *Chicago B. & Q. R. Co.*, 107 Ill. 105.)

Considering, however, that it was the tract itself—not the easement—which was assessed, and assuming that it could be assessed upon some basis, then to support this particular levy we should be obliged to hold that part of the street itself abuts

upon the street, and this involves—as the trial judge remarked—
"a legal solecism." (*South Park Commrs.* v. *Chicago B. & Q.
R. Co., supra; Holt* v. *City of East St. Louis,* 150 Ill. 530, 37
N. E. 927.)

Finally, realizing that the tract itself is assessed and offered
**[2]** for sale, the fact that it is part of the street becomes an
insuperable obstacle. As such it is not and cannot be "prop-
erty owned or controlled" by the respondent; it is owned by the
public, under the exclusive control of the city and thus not the
kind of "lot or parcel of land" authorized by the Act to be
assessed. Nor is there anything in the Act to warrant the view
that the city can be authorized to sell a part of its own street
for the purpose of paying an assessment of this character.

We are convinced that the conclusion of the district court was
correct and, accordingly, the judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY
concur.

